IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH D. BROWN )
 )
v. ) No. 3:13-01242
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner, pro se. In response, the Government filed a Motion To Dismiss (Docket No. 11) on December 2, 2013. The Court subsequently ordered the Petitioner to file any response to the Motion to Dismiss on or before January 3, 2014. (Docket No. 12). The Petitioner has failed to file any response to the Motion as of the date of this Memorandum, over two months after the filing deadline.

For the reasons set forth herein, the Court GRANTS the Government's Motion To Dismiss (Docket No. 11) and DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

II. Procedural and Factual Background

Petitioner pled guilty, without a plea agreement, to being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Nos. 1, 43, 63 in Case No. 3:09-00159). At the subsequent sentencing hearing, trial counsel argued that the Petitioner's prior convictions did not qualify him for Armed Career Criminal status under

18 U.S.C. § 924(e) ("ACCA"), which requires a mandatory minimum 15-year sentence. (Docket Nos. 52, 53, 54, 64 in Case No. 3:09-00159). After considering the submissions of proof and arguments of counsel at the sentencing hearing, the Court determined that the Petitioner's prior convictions qualified him as an Armed Career Criminal, and accordingly, sentenced him to the mandatory minimum 15-year sentence. (Docket Nos. 58, 59, 64 in Case No. 3:09-00159).

The Petitioner appealed that determination, and the Sixth Circuit affirmed. (Docket Nos. 60, 65 in Case No. 3:09-00159). Petitioner sought review of that decision with the Supreme Court, but the Court denied his petition for writ of certiorari. (Docket Nos. 67, 68 in Case No. 3:09-00159).

### III. Analysis

A. The Petitioner's Claims

The Petitioner contends that his conviction and sentence should be vacated because he no longer qualifies for the ACCA's 15-year mandatory minimum sentence based on the Supreme Court's recent ruling in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

2

however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Descamps v. United States,

Petitioner argues that his prior conviction for burglary no longer qualifies as a "violent

---

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

felony" under the ACCA given the Supreme Court's recent decision in <u>Descamps v. United States</u>. The ACCA, 18 U.S.C. § 924(e), provides, in pertinent part, as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

Assuming Petitioner's claim is cognizable in a Section 2255 proceeding,[2] it is without merit. In <u>Descamps</u>, the Supreme Court held that the lower courts erred in reviewing certain records of the defendant's prior conviction for burglary under California law to determine that the conviction was a "violent felony" under the ACCA. In reaching its decision, the Court

---

[2] The Government argues that the Petitioner has procedurally defaulted his claim because he failed to raise it in his criminal case. The Court finds it unnecessary to address the procedural default issue as the Petitioner's claim fails on the merits.

4

explained that in order to constitute "burglary" under Section 924(e)(2)(B)(ii), the prior conviction must include the elements of generic burglary – "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 133 S.Ct. at 2283. Because the California statute defines burglary more broadly in that it does not require an unlawful entry, the Court reasoned, it did not satisfy the definition of "burglary" under the ACCA. Id., at 2285-86. By resorting to the plea colloquy to determine whether the defendant admitted to facts that satisfied the generic definition of burglary, the courts misapplied the pertinent caselaw on the issue: "Whether Descamps *did* break and enter makes no difference," because "[o]ur decisions authorize review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not." Id., at 2286.

The Tennessee burglary statute at issue in the Petitioner's criminal case, unlike the California statute, sets out elements in the *alternative*:

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>>
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>>
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>>
>> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a

5

>    felony, theft or assault or commits or attempts to commit a felony, theft or assault.

* * *

(c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.

(d) Burglary under subdivision (a)(4) is a Class E felony.

Tenn. Code Ann. § 39-14-402.

As this Court determined in Petitioner's criminal case, the first three subsections satisfy the definition of generic burglary, but the fourth subsection does not because it permits conviction for the burglary of a vehicle. (Docket Nos. 59, 64, 65 in Case No. 3:09-00159). Consequently, the modified categorical approach required a review of the applicable records from the prior conviction to determine which subsection it involved. (Id.) Petitioner's judgment form indicates that the conviction was a Class D felony, and under Section 39-14-402(c), therefore, the prior conviction involved only the burglary of a building and not a vehicle. (Id.) Thus, the conviction mirrored the elements of generic burglary under the ACCA. (Id.)

On appeal, the Sixth Circuit did not address whether the prior conviction qualified as a "generic burglary," but instead, held that the conviction qualified as a "violent felony" under the "residual clause" because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." (Docket No. 65 in Case No. 3:09-00159).

Neither of these holdings are affected by the ruling of the Supreme Court in Descamps. Simply put, the Tennessee burglary statute is divisible and the California burglary statute is not. Thus, referring to the judgment to determine the elements of Petitioner's prior conviction for burglary in Tennessee did not contravene the rule of Descamps. Accordingly, Petitioner's claim

6

is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Government's Motion To Dismiss should be granted, and Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

Case 3:13-cv-01242 Document 19 Filed 03/12/14 Page 7 of 7 PageID #: 58